IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01577-BNB

EUGENIO NAVARRO, JR.,

   Plaintiff,

v.

P.A. LAWRENCE THEODOR, as Assistance From Doctor,
P.A. SINGH TEJINDER, as Assistance From Doctor,
JOHN BLOOR, Medical Doctor at State Hospital From Pueblo,
SHAME, Doctor as Medical Assistance to De Bloor at Hospital From Pueblo,
BILL OWENS, as Governor State of Colorado, and
JOHN W. SUTHERS, as State Attorney General,

   Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2006

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

Plaintiff Eugenio Navarro, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He filed *pro se* a complaint for injunctive relief and money damages pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated.

The Court must construe the complaint liberally because Mr. Navarro is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Navarro will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step,

administrative-grievance procedure.

Mr. Navarro asserts that he suffers from chronic liver disease, Hepatitis-C, diabetes, and long-term disabilities, including a back injury, herniated disc, arthritis, and reduced vision. He seeks treatment for these ailments, including to resume allegedly discontinued interferon treatments for his liver. He contends that the defendants are being deliberately indifferent to his serious medical needs under the Eighth Amendment. He also complains that the DOC is violating his Fourteenth Amendment due-process rights by withdrawing money from his inmate trust fund account to pay restitution for child support pursuant to a March 9, 2006, Boulder County District Court order.

Mr. Navarro must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Governor Bill Owens or Attorney General John Suthers, may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Navarro is advised that he must provide sufficient copies of the amended

2

complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Navarro should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.

In addition, Mr. Navarro does not appear to have exhausted his claims through the DOC's three-step, administrative grievance procedure. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, see **Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. See **Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Mr. Navarro is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Navarro must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. See **Ross v. County of Bernalillo**, 365

F.3d 1181, 1189 (10th Cir. 2004). If Mr. Navarro has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Navarro and to all inmates, **see** DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step, formal, grievance procedure. **See** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. **See** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Mr. Navarro's vague statement that "DOC conclude [sic] all remedies available are [sic] been exhaust [sic] and this has already agree [sic] in this matter," **see** complaint at 12, fails to satisfy the requirement that either he attach copies of administrative proceedings or describe their disposition with specificity. Therefore, Mr. Navarro will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step, administrative grievance procedure. Accordingly, it is

ORDERED that Mr. Navarro file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives

in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step, administrative-grievance procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Navarro, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Navarro submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Navarro fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 13, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01577-BNB

Eugenio A. Navarro, Jr.
Prisoner No. 83708
Arkansas Valley Corr. Facility
PO Box 1000 – Unit 2-C-1-6
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER** and **two copies of Prisoner Complaint** to the above-named individuals on 11/13/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk