IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01577-BNB

EUGENIO NAVARRO, JR.,

    Plaintiff,

v.

P.A. LAWRENCE THEODOR, as Assistance [sic] From Doctor,
P.A. SINGH TEJINDER, as Assistance [sic] From Doctor,
JOHN BLOOR, Medical Doctor at State Hospital From Pueblo,
CARY SHAMES, Medical Doctor at State Hospital From Pueblo,
BILL OWENS, as Governor State of Colorado,
JOHN W. SUTHERS, as State Attorney General,
MEYER MARY, From Boulder County DSS. CSE Unit, and
CHERYL KOH-SICOTTE, Attorney for the Case Child Support,

    Defendants.

---

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 1 2007

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Eugenio Navarro, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated. Mr. Navarro has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2006) without payment of an initial partial filing fee.

On November 13, 2006, Magistrate Judge Boyd N. Boland ordered Mr. Navarro within thirty days to file an amended complaint that clearly asserted each Defendant's personal participation in the alleged constitutional violations and to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure. On December 15, 2006, Mr. Navarro filed an amended civil rights complaint for injunctive relief and money damages pursuant to 42 U.S.C. § 1983 titled "Amended Prisoner Complaint and to Show Cause."

The Court must construe the amended complaint liberally because Mr. Navarro is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the amended complaint will be dismissed in part.

Mr. Navarro asserts that he suffers from chronic liver disease, Hepatitis-C, diabetes, and long-term disabilities, including a back injury. He seeks treatment for these ailments, including to resume the interferon treatments for his liver allegedly discontinued by Defendant Drs. John Bloor and Cary Shames. He contends that these Defendants are being deliberately indifferent to his serious medical needs under the Eighth Amendment.

Mr. Navarro alleges in the amended complaint that he wishes to "withdraw" his claims against Defendants Lawrence Theodor and Sing Tejinder, physician's assistants; Governor Bill Owens; and State Attorney General John W. Suthers. *See* amended complaint at 3, 4. Therefore, the Court will grant Mr. Navarro's request, and will dismiss these Defendants as parties to this action.

Mr. Navarro appears to be suing Ms. Koh-Sicotte, attorney for the Boulder County Department of Social Services, and Ms. Meyer of the department's Child Support Enforcement Unit (CSE Unit) because they were involved in a state juvenile court action suing him for his public assistance debt and because the state court on March 9, 2006, *nunc pro tunc*, February 14, 2006, ordered him to make child-support payments and, upon his release from incarceration, to repay $550.00 to the CSE Unit for the eleven months from June 1997 through April 1998 when his family received public assistance.

Mr. Navarro may not sue Ms. Koh-Sicotte and Ms. Meyer over his disagreement with a state juvenile court decision. To the extent Mr. Navarro is asking this Court to review the state court decision, assuming that the state court proceedings have reached the end of the state courts' appeal process, *see Chapman v. Oklahoma*, No. 6-5064, 2006 WL 3720258, at *1 (10th Cir. 2006), the claims against Ms. Koh-Sicotte and Ms. Meyer must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S.

3

462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The losing party in a state court proceeding generally is "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257 (2006). *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

*Rooker-Feldman* bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. If adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from the judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *Jordahl*, 122 F.3d at 199. Finally, the *Rooker-Feldman* doctrine bars review not only of final judgments entered by state courts, but also of their interlocutory orders. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000). Mr. Navarro is

challenging a state court decision regarding payment of child support and of a public assistance debt. Such claims are barred by the *Rooker-Feldman* doctrine.

Even if Mr. Navarro's state court proceedings have not reached the end of the state courts' appeal process, the Court must abstain from exercising jurisdiction over the claims asserted against Ms. Koh-Sicotte and Ms. Meyer pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *See Chapman*, No. 6-5064, 2006 WL 3720258, at *2. Finally, the Supreme Court has long held that the "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt v. Richard*, 504 U.S. 689, 703 (1992) (citation and internal quotation marks omitted); *see also Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005). Therefore, the claims asserted against Ms. Koh-Sicotte and Ms. Meyer will be dismissed.

Lastly, the Court will address Mr. Navarro's claims of deliberate indifference to his serious medical needs asserted against Drs. Bloor and Shames. In the November 13, 2006, order to show cause, Magistrate Judge Boland noted that Mr. Navarro did not appear to have exhausted his medical treatment claims through the DOC's three-step, administrative grievance procedure. In light of the Supreme Court decision in *Jones v. Bock*, Nos. 05-7058, 05-7142, 2007 WL 135890 (U.S. Jan. 22, 2007), the medical treatment claims will not be dismissed at this time for failure to exhaust administrative procedure. Therefore, to the extent the November 18, 2006, order directed Mr. Navarro to show cause why the medical treatment claims should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure, the order will be

5

discharged. The claims of deliberate indifference to Mr. Navarro's serious medical needs asserted against Drs. Bloor and Shames will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Plaintiff Eugenio Navarro, Jr.'s, request to withdraw the claims asserted against Defendants Lawrence Theodor, Sing Tejinder, Governor Bill Owens, and State Attorney General John W. Suthers, is granted. It is

FURTHER ORDERED that the claims against Defendants Cheryl Koh-Sicotte and Mary Meyer are dismissed for lack of subject matter jurisdiction. It is

FURTHER ORDERED that the clerk of the Court is directed to remove the names of Defendants Lawrence Theodor, Sing Tejinder, Governor Bill Owens, State Attorney General John W. Suthers, Cheryl Koh-Sicotte, and Mary Meyer as parties to this action. The only remaining Defendants are John Bloor and Cary Shames. It is

FURTHER ORDERED that to the extent the November 18, 2006, order directed Mr. Navarro to show cause why the medical treatment claims should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure, the order is discharged. It is

6

FURTHER ORDERED that the medical treatment claims asserted against Drs. John Bloor and Cary Shames will be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 31 day of Jan, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01577-BNB

Eugenio A. Navarro, Jr.
Prisoner No. 83708
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  2-1-07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk