IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01577-WYD-BNB

EUGENIO NAVARRO, JR.,

Plaintiff,

v.

JOHN BLOOR, and
CARY SHAMES,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff filed his Amended Prisoner Complaint (the "Amended Complaint") on December 15, 2006. [Doc. #11]. On February 1, 2007, all of the defendants except defendants Bloor and Shames were dismissed. [Doc. #12]. On February 8, 2007, Judge Wiley Y. Daniel ordered the United States Marshal to effect service upon the defendants. [Doc. #15].

The Marshal attempted service on defendants Bloor and Shames at the Colorado Mental Health Institute at Pueblo ("CMHIP"), which is the address provided by the plaintiff in his Amended Complaint. The Summonses were returned as unexecuted as to both defendants on March 8, 2007. [Docs. #19 and #20]. The Marshal explained that he spoke to attorney Beverly Fulton on February 21, 2007, and that defendants Bloor and Shames are no longer employed with CMHIP. Id. Their current addresses are unknown. Id.

I ordered the plaintiff to show cause on or before April 30, 2007, why the Amended Complaint should not be dismissed as against defendants Bloor and Shames for failure to prosecute [Doc. #22, issued 4/2/07]. See D.C.COLO.LCivR 41.1. I warned the plaintiff that in

the event that no such showing was made, I would enter a recommendation to Judge Daniel that the action be dismissed, without prejudice, as against defendants Bloor and Shames for failure to prosecute.

The plaintiff filed a response to my Order to Show Cause on April 13, 2007 [Doc. #23]. The plaintiff states that "[m]ore effort could be put forth to find defendants," but that he is currently incarcerated and does not have the means to pursue the matter himself. Nevertheless, he states that he is "considering" requesting a private investigator and an attorney to assist him to locate the defendants.

To the extent the petitioner is requesting that the Court locate the defendants for him, the request is denied. The Court has no authority or ability to discover the current addresses of these defendants. Although the Court ordered the Marshal to make service, it is the plaintiff's obligation to provide information about where effective service may be made. The plaintiff has failed to do so and has not established good cause for that failure.

Nor is an extension of time to complete service warranted under these facts. The plaintiff states that he is "considering" requesting a private investigator and an attorney to assist him in locating the defendants. However, he has not indicated that he actually has or will take steps to locate the defendants, and he has not requested an extension of time to locate the defendants.

Based on these facts, I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE as to defendants Bloor and Shames based on the plaintiff's failure to effect service of process upon them and for failure to prosecute.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives

*de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 16, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge